# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| J.B., B/N/F LAUREN AND ERIC B., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:19-CV-00814-RWS |
| v. | § § § | |
| FRISCO INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

## ORDER

Plaintiff J.B. b/n/f Lauren and Eric B. filed this lawsuit asserting claims against Frisco Independent School District ("Frisco ISD") under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act. Docket No. 34. Frisco ISD moved for judgment on the administrative record regarding J.B.'s IDEA claim. Docket No. 30. The Magistrate Judge recommends granting Frisco ISD's motion. Docket No. 68 ("Report and Recommendation"). J.B. filed objections to the Report and Recommendation, and also a Motion to Reconsider and Motion to Supplement the Record. Docket Nos. 70, 72, 77. Frisco ISD filed responses and surreplies. Docket Nos. 74, 81, 75, 82, 83, 91. And J.B. filed replies. Docket Nos. 78, 79, 84. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

J.B. originally filed his Complaint in the Eastern District of Texas on November 8, 2019. Docket No. 1. On April 8, 2020, J.B. filed his Amended Complaint, the live pleading, asserting one claim under the IDEA and two claims under Section 504. Docket No. 34. J.B. is challenging the Special Education Hearing Officer's ("SEHO") determination that Frisco ISD provided him

with a free appropriate public education ("FAPE") while he was enrolled as a student during the relevant time period. Frisco ISD's Motion for Judgment on the Administrative Record asks the Court to affirm the SEHO's decision, and thus seeks dismissal of J.B.'s one claim under the IDEA. Docket Nos. 30, 39. J.B. opposes the dismissal request, arguing the SEHO erred. Docket Nos. 37, 42. On November 24, 2020, the Magistrate Judge recommended the Motion for Judgment on the Administrative Record be granted and J.B.'s IDEA claim be dismissed, leaving J.B.'s two claims under Section 504. Docket No. 68. After entry of the report, J.B. timely filed objections and further moved the court to reconsider and allow supplementation of the record. Docket Nos. 70, 72, 77.

As a general rule, "a district court reviewing a magistrate judge's R & R has wide discretion to consider and reconsider the magistrate judge's recommendation." *Saqui v. Pride Cent. Am.*, LLC, 595 F.3d 206, 211 (5th Cir. 2010). Accordingly, the Court now takes up both of J.B.'s pending motions while also considering the Report and Recommendation and J.B.'s corresponding objections. *See Mars, Inc. v. TruRX LLC*, No. 6:13-CV-526, 2015 WL 11232358, at *1 (E.D. Tex. Aug. 6, 2015) (considering, at the same time, both the defendant's objection and request to reconsider the magistrate judge's recommendation); *Fuller v. Moya*, No. 9:08CV202, 2008 WL 5204116, at *1 (E.D. Tex. Dec. 11, 2008) (same).

## MOTION TO SUPPLEMENT AND MOTION TO RECONSIDER

J.B. filed a Motion to Reconsider and Motion to Supplement the Record on December 18 and December 23, 2020, respectively. Docket Nos. 72, 77. In the Motion to Reconsider, J.B. asks the Court to reconsider the Magistrate Judge's finding and recommendation based on "evidence not previously and timely produced" by Frisco ISD. Docket No. 72. And in the Motion to Supplement the Record, J.B. asks the Court to allow in the record additional documents that Frisco

ISD produced after the Report and Recommendation was entered. Docket No. 77. The motions largely overlap and address the same arguments; thus, the Court considers them together.

Under IDEA, a court "shall hear additional evidence at the request of a party[.]" 20 U.S.C. § 1415(i)(2)(C)(ii). "The determination of what is additional evidence must be left to the discretion of the trial court." *E.R. by E.R. v. Spring Branch*, 909 F.3d 754, 764 (5th Cir. 2018) (per curiam) (quoting *Town of Burlington v. Dep't of Educ. for Mass.*, 736 F.2d 773, 790 (1st Cir. 1984)) (internal quotation marks omitted). In this context, "courts should avoid turning the administrative hearing into a mere dress rehearsal followed by an unrestricted trial de novo." *E.R. by E.R.*, 909 F.3d at 764 (quoting *Schaffer v Weast*, 554 F.3d 470, 476 (4th Cir. 2009)) (internal quotation marks omitted). This is because the norm is for a court to simply render a decision based on the administrative record. *E.R. by E.R.*, 909 F.3d at 764 (quoting *West Platte R-II Sch. Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006)). J.B. provides no meritorious basis for the departure from the norm of rendering a decision based on the administrative record. *See E.R. by E.R.*, 909 F.3d at 764.

J.B. asks the Court to supplement the administrative record based upon Frisco ISD's recent production of a document entitled "Overview of Special Education Department Structures, Supports, and Programing: 2016-2017 School Year." Docket No. 77 at 1–2. Because Frisco ISD purportedly failed to follow certain procedures outlined in this document that could have led to earlier behavioral support, J.B. argues he was denied a FAPE. *Id.* at 2, 5. J.B. also insinuates Frisco ISD deliberately withheld the document. *Id.* at 2–4. In response and in its surreply, Frisco ISD notes J.B. did not submit a discovery request prior to the due process hearing that encompassed this entire document and that, in any event, the document is not "relevant." Docket Nos. 83 at 2–3; 91 at 1–2. Frisco ISD also advances that there is no authority for the proposition that a school

district's failure to follow internal guidelines constitutes a violation under the IDEA. Docket No. 83 at 5. In reply, J.B. argues that Frisco ISD's failure to disclose the document based on the non-use of the "magic words" is "discovery gamesmanship." Docket No. 84 at 2.

The dispute presented by the instant motions revolves around J.B.'s Request for Production 5, sent prior to the due-process hearing (the "SAIL Request"). Docket No. 77 at 2. This request states in full: "Any documents reflecting policies relating to and the location of Social and Interpersonal Learning [("SAIL")] classrooms within the Frisco Independent School District." Docket No. 77-2 at 6. J.B. contends the entire thirty-six-page document entitled "Overview of Special Education Department Structures, Supports, and Programming: 2016-2017 School Year" (Docket No. 77-1) should have been produced in response to the SAIL Request because the document discusses "Process for Requesting a Change of Placement: SBS or SAIL." Docket Nos. 77 at 1–2; 77-1 at 35–37.

The Court is unpersuaded that Frisco ISD deliberately or improperly withheld the document. In response to Request for Production 5 and after asserting objections and in advance of the due process hearing, Frisco ISD produced those pages discussing SAIL, specifically the section entitled "Process for Requesting a Change of Placement: SBS or SAIL"; the top of each produced page is labeled "From Special Education Department Overview"; and the bottom of each produced page is bates-stamped FISD DPH (Frisco ISD Due Process Hearing). Docket No. 76-18 at 10–13, AR 1188–91. The pages produced are responsive to the request. J.B. points to no additional request at the due process hearing level after receiving this document. And J.B. himself admitted and utilized the produced document in the underlying due process hearing before the SEHO. AR 1188, 2286–2287. Nonetheless, J.B. now says he should have received the entire

"Special Education Department Overview" document, including certain portions discussing behavior procedures: "Behavior Support and Referral Process." Docket No. 77 at 2–3.

Even if the Court agreed that J.B.'s due process hearing discovery request encompassed the entire "Special Education Department Overview" document, the Court's ultimate analysis would not change. J.B. failed to carry his burden to establish the SEHO erred. *See Seth B. ex rel. Donald B. v. Orleans Parish Sch. Bd.*, 810 F.3d 961, 972 (5th Cir. 2016). The IDEA guarantees a "basic floor" of opportunity. *Klein Indep. Sch. Dist. v. Hovem*, 690 F.3d 390, 396 (5th Cir. 2012). Without authority, J.B. implies a school district's own policies and procedures outlined in the document impose a legal obligation above and beyond the statutory "basic floor." Such a reading would be inconsistent with the IDEA's structure and existing case law. A school district satisfies its IDEA obligations if it complies with the Act's procedural requirements and the Individualized Education Program ("IEP") is reasonably calculated to enable the child to receive educational benefits. That was properly the focus of the Magistrate Judge's analysis. Moreover, procedures related to the SAIL program, which is what J.B. sought in Request for Production 5 at the underlying due process level, are immaterial to whether J.B. should have been provided a Functional Behavior Assessment or Behavior Intervention Plan within a certain time period. And the remaining pages of the Special Education Department Overview that J.B. seeks to admit reference a Functional Behavior Assessment or Behavior Intervention Plan only when describing (1) the *role* of a behavior specialist and licensed specialist in school psychology; and (2) what *type* of evidence may be considered and reviewed by school personnel. Docket Nos. 77-1 at 7–8, 11, 35–36. The document does not substantively address Functional Behavior Assessments or Behavior Intervention Plans (the crux of Plaintiff's objections to the Magistrate Judge's findings); it does not answer the question of whether J.B.'s IEP was individualized. For the foregoing

reasons, the Court declines to exercise its discretion to allow additional evidence at this stage. *See E.R. by E.R.*, 909 F.3d at 764.

## REPORT AND RECOMMENDATION

On November 24, 2020, the Magistrate Judge entered a Report and Recommendation recommending Frisco ISD's Motion for Judgment on the Administrative Record be granted. Docket No. 68. Therein, the Magistrate Judge details how J.B. failed to meet his burden of establishing the SEHO erred. *Id.* at 15–32.

## OBJECTIONS

J.B. cabins his objections to the Magistrate Judge's conclusion regarding the first and fourth "*Michael F.*" factors. *See Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 247 (5th Cir. 1997). J.B. objects to the Magistrate Judge's conclusion regarding the first *Michael F.* factor that "J.B.'s IEP was individualized, adequately identified his behavioral impediments, and implemented numerous strategies to address his behavior." Docket Nos. 68 at 22–23; 70 at 2. J.B. next objects to the Magistrate Judge's conclusion regarding the fourth *Michael F.* factor that "J.B. demonstrated positive non-academic benefits," exhibited "improved behavior," and had behavior that "was generally not concerning" leading up to November 2018. Docket Nos. 68 at 28; 70 at 5. Similarly, J.B. takes issue with the Magistrate Judge's conclusion when analyzing the fourth *Michael F.* factor that Frisco ISD "had a cohesive plan to meet J.B.'s behavioral needs." Docket Nos. 68 at 29; 70 at 7–8. J.B. does not object to the Magistrate Judge's analysis of the second and third *Michael F.* factors. Docket No. 68 at 24–27.

Frisco ISD urges the Court to overrule the objections and adopt the Report and Recommendation. Regarding the first *Michael F.* factor, Frisco ISD points to J.B.'s stipulation as to behavioral support in his IEPs and argues there is no requirement to complete a Functional

Behavior Assessment or implement a Behavior Intervention Plan. Docket No. 74 at 2–3. And regarding the fourth *Michael F.* factor, Frisco ISD points to J.B.'s improved behavior in second grade and its response when J.B.'s behavior worsened in third grade, arguing "the IDEA does not require perfection." *Id.* 4–7.

In his reply and addressing the first *Michael F.* factor, J.B. notes that he did not stipulate as to whether the IEP was individualized, and that Frisco ISD did not timely conduct a Functional Behavior Assessment or implement a Behavior Intervention Plan. Docket No. 79 at 2. As to the fourth *Michael F.* factor, J.B. argues the amendments to J.B.'s IEPs demonstrate Frisco ISD had the tools to provide J.B. a FAPE but failed to timely use them. *Id.* at 2–3. Frisco ISD rejoins that, under the first *Michael F.* factor, J.B.'s IEP addressed his behavior with services and accommodations and that his behavior did not warrant a Functional Behavior Assessment or Behavior Intervention Plan until October 2018. Docket No. 81 at 1–2. And regarding the fourth *Michael F.* factor, Frisco ISD further retorts that J.B. is trying to improperly impart a "remediation" requirement under the IDEA and that J.B. ignores his non-academic progress. *Id.* at 2–3.

## *DE NOVO* REVIEW

The only claim addressed in the Motion for Judgment on the Administrative Record, Report and Recommendation and instant briefing is J.B.'s claim under the IDEA. J.B.'s objections regarding the first *Michael F.* factor are unavailing. The first factor is whether the IEP was "individualized on the basis of the student's assessment and performance." *Klein*, 690 F.3d at 396 (quoting *Michael F.*, 118 F.3d at 253). The Magistrate Judge detailed Frisco ISD's consideration of J.B.'s needs when formulating his IEP, including assessments, outside evaluations, input from employees and his parents, goals and objectives related to behavior and behavioral support in the general education environment. Docket No. 68 at 19. The Magistrate Judge also rejected J.B.'s

argument that he was denied a FAPE because Frisco ISD did not perform a Functional Behavior Assessment early enough to address his needs. *Id.* at 19–24.

J.B. objects because the temporary, initial IEP did not identify behavioral problems, the next IEP did not include behavioral strategies and any future behavioral accommodations were generic. Docket No. 70 at 2–4. In J.B.'s view, this supports his argument that Frisco ISD should have completed a Functional Behavior Assessment earlier. *Id.* at 3. Frisco ISD completed a Functional Behavior Assessment in mid-October 2018—approximately two months after J.B. started third grade. AR 532–41, 1003. And, as the Magistrate Judge noted, there is no general requirement to complete a Functional Behavior Assessment. *See also M.W. ex rel. S.W. v. New York City Dep't of Educ.*, 725 F.3d 131, 140 (2d Cir. 2013); *Park Hill Sch. Dist. v. Dass*, 655 F.3d 762, 767 (8th Cir. 2011) (rejecting the argument that failure to complete a behavior intervention plan denied a child a FAPE, as the school district used strategies to address the child's behavior). Rather, when a child's "behavior impedes the child's learning or that of others," the school district must use "positive behavioral interventions and supports, and other strategies, to address that behavior[.]" 20 U.S.C. § 1414(d)(3)(B)(i); 34 C.F.R. § 300.324(a)(2)(i). J.B. points to no authority indicating failure to provide a Functional Behavior Assessment within a certain time period warrants concluding J.B. was denied a FAPE. To the contrary, courts have routinely found that failure to conduct a Functional Behavior Assessment does not necessarily result in the denial of a FAPE. *See Rosaria M. v. Madison City Bd. of Educ.*, 325 F.R.D. 429, 439-40 (N.D. Ala. 2018); *see also R.E. v. New York City Dep't of Educ.*, 694 F.3d 167, 190 (2d Cir. 2012).

Further, J.B.'s initial IEP contained behavioral support. AR 1002. In connection with the April 2018 IEP, J.B.'s parents and the rest of the Admission, Review, and Dismissal committee agreed J.B.'s behavior was improving, Frisco ISD should continue to collect behavioral data and

J.B.'s new IEP should include new goals and support. AR 410–14, 429–31, 1002, 2470–71. As to J.B.'s argument that the behavioral accommodations were generic and thus warranted a Functional Behavior Assessment, Frisco ISD took extensive action to address J.B.'s behavior, including collecting data, intervention, support, goals, strategies and frequent meetings with parents and Frisco ISD staff. AR 348, 351–53, 362, 412–14, 417–19, 429–30, 444–46, 449–51, 546–48, 554–56, 560–65, 572, 624–26, 632–34, 1002–05, 2453–54, 2470–71. J.B.'s objection is thus overruled.

J.B.'s next objects to the Magistrate Judge's conclusion regarding the fourth *Michael F.* factor. As evidence that his behavior "devolved," J.B. points to eighteen behavior-related incidents: two incidents where he was restrained, four "room clears" and the two times he was removed from the classroom. Docket No. 70 at 5–6. J.B. further takes issue with the Magistrate Judge's conclusion that Frisco ISD "had a cohesive plan to meet J.B.'s behavioral needs" because, in J.B.'s view, the IDEA is concerned with whether the plan "works" rather than whether the plan is "cohesive." *Id.* at 7. J.B.'s characterization of the IDEA, however, is incorrect. The fourth *Michael F.* factor is whether "positive academic and non-academic benefits are demonstrated." *Klein*, 690 F.3d at 396 (quoting *Michael F.*, 118 F.3d at 253). The IDEA does not require perfection; rather, "the whole educational experience, and its adaptation to confer 'benefits' on the child, is the ultimate statutory goal." *Klein*, 690 F.3d at 397. To be sure, "remediation may often by part of an IEP." *Id.* But "overall educational benefit, not solely disability remediation, is IDEA's statutory goal." *Id.* at 398.

Here, it is undisputed that J.B. obtained positive academic benefits. Docket No. 68 at 28. Thus, the parties only reasonably contest whether J.B. obtained positive *non*-academic benefits. Although J.B. points to certain incidents involving his behavior, these incidents do not tell the

whole story. The administrative record reflects J.B. often met behavior expectations and demonstrated progress on his IEP goals. AR 429–30, 701–74, 1254–55, 1307, 1395, 1441, 2470–72. Indeed, J.B.'s parents and the rest of the Admission, Review, and Dismissal committee agreed in April 2018 that J.B.'s behavior improved. *Id.* at 410–14, 429–31, 1002, 2470–71. It was not until August 2018 that J.B.'s parents expressed dissatisfaction with J.B.'s progress, and Frisco ISD agreed to conduct a Functional Behavior Assessment thereafter. *Id.* at 464–65, 1002. Again, IDEA provides a floor, and remediation is not the ultimate statutory goal. *Klein*, 690 F.3d at 396–98. Here, J.B. undeniably obtained academic progress. J.B. also obtained non-academic progress, albeit not perfection. The Court's role "is not to second-guess the decisions of school officials or to substitute [its] plans for the education of disabled students with the court's." *Shafi v. Lewisville Indep. Sch. Dist.*, No. 4:15-CV-599, 2016 WL 7242768, at *10 (E.D. Tex. Dec. 15, 2016) (quoting *R.H. v. Plano Indep. Sch. Dist.*, 607 F.3d 1003, 1010 (5th Cir. 2010)). J.B.'s objection is overruled.

In reaching this decision, the Court is mindful of the Supreme Court's recent instruction that examination of an IEP is not "an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988, 1001 (2017) (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982)). The Court is similarly mindful that it is J.B.'s burden to demonstrate the SEHO erred when it concluded J.B. was not denied a FAPE. *Seth B.*, 810 F.3d at 972. Yet J.B. does not challenge two of the four *Michael F.* factors, and his discussion of the remaining factors does not move him over the proverbial finish line.

Having conducted a *de novo* review, the Court is of the opinion that Frisco ISD's Motion for Judgment on the Administrative Record is meritorious. The Court is also of the opinion that

the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. The Court further finds J.B.'s objections are without merit and **OVERRULES** each one. It is therefore

**ORDERED** that J.B.'s Motion for Reconsideration (Docket No. 72) and Motion to Supplement the Record (Docket No. 77) are both **DENIED**. It is further

**ORDERED** that Frisco ISD's Motion for Judgment on the Administrative Record (Docket No. 30) is **GRANTED**. The decision of the SEHO is **AFFIRMED**, and J.B.'s claim under the IDEA is **DISMISSED WITH PREJUDICE**.

**SIGNED this 2nd day of March, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE